29th April.
BrsvArd, J.,
delivered the opinion of the court. In this case the action is brought to recover back money paid, upori a consideration, which the plaintiff says has failed. If the unsoundness of the mare be admitted, yet if the contract was not put an end to, the action was not maintainable.- The plaintiff should have done what was in his pbwer, within a reasonable time after the sale, to rescind the contract, in order to entitle himself to re. cover back the money paid. If the mare died before he could return her, or tender a return of her, yet he should have given notice to the seller of her death, and demanded the'money on account of her unsoundness at the time of the sale, before he brought his action. If the action was case for the deceit, or on an express warranty, for damages, this evidence wmuld not be necessary. But in this action, it is necessary ; for the plaintiff claims the money paid, and disclaims the contract, which he says is not binding, in consequence of the defect in the thing sold, and for want of a valuable consideration. Now, it is neither just, nor equitable, that he should have the mare and the money too. It was, therefore, incumbent on him to have returned the mare, or offered to have done so of given notice of her death, within a reasonable time prior to brings ing his action to recover the money paid. ‘ It does not appear that *306 this was done; and, therefore, on that ground the action was not maintainable, and the nonsuit was properly ordered. The correct rule of law on this subject is laid down in the case of Trovers v. ®arret> 1 and E- 1SS’ v‘z,) “ that an action of assumpsit lies when payment has been made on a contract which is put an end to; but if the contract continue open, the plaintiff can only recover damages, and then he must state the special contract, and a breach of it.” And when there is a special contract, the defendant ought to have notice by the declaration, that he is sued upon it. Doug. 24. An action of assumpsit for money had and received, was determined in the case of Watson v. Downes, Cowp. 818, to be an improper action to try a warranty. In that case, as in the present, the declaration contained only one count for money had and received. It was afterwards decided in the case of Stuart v. Wilkins, Doug. 18, that in assumpsit the plaintiff may declare on an express warranty. In the same case it is said, that selling for a sound price without warranty, is a ground for assumpsit; but that it ought to be laid, that the defendant knew of the unsoundness. Doug. 20. If it be necessary to lay a scienter, it is presumed that it is necessary to prove it; and if so, it seems to me the action ought to be case for the deceit, and not assumpsit. But if the plaintiff may waive the damages for the deceit, and bring his action on the implied contract, or warranty, to recover back the money paid, as is usual in our courts, according to the cases I have just cited, the plaintiff ought to have notice by the declaration of the nature of the case, and the special circumstances, upon which the plaintiff founds his claim, and cannot recover on the single count for money had and received. Our courts have adopted the rule of the civil law, in relation to this subject, which raises an implied warranty of soundness in contracts of sale, where a sound price is given. If the action of assumpsit be a proper action to try an express warranty, it must be equally so to try an implied warranty ; but in both cases the warranty ought to be declared on. In addition to the special count on the warranty, a count on a general indebitatus assumpsit, for money had and received, may be added, in order, that in the event of the plaintiff’s failing to prove the im. plied agreement, precisely as laid in the declaration, he may, never, theless, recover on the general count.
The nonsuit was in this case also properly ordered on another ground. It is laid down in the case of Longcbamp v. Kenny, Doug. 137, “That the action for money had and received, is governed by the true equity and conscience of the case; and that the *307 plaintiff should never be permitted to turn the generality of the count into a surprise upon the defendant, by deserting the ground which the defendant is led to believe is the only matter to be tried, and resorting to another, of which he cannot be apprized by the declaration, and may have no suspicion.” .Now the present case comes clearly within this rule. The plaintiff could have no information, from the declaration, that such evidence as was offered at the trial, would be brought forward; and, therefore, it cannot be sup-posed_he was prepared to rebut it.
Note. See 2 Binney’s Rep. 4. Kelley v. Foster. When the terms of a special agreement to do a certain thing, for a certain sum! have been performed by the plaintiff, the law raises a duty in the defendant, for which indeb. assumpsit will lie. Plaintiff declared in indeb. assumpsit, for work and labor, proved a promise, by the intestate, to pay him £200 if he would live with him till his death, which he had accordingly done. Held, the count was supported. No special count.
The motion must, therefore, be discharged.